NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FLORENCE GLASSER, PETITIONER, v. WESTINGHOUSE
LAMP COMPANY, RESPONDENT.

For the petitioner, *Charles Becker*.

For the respondent, *M. F. Reges*.

\*        \*        \*        \*        \*        \*        \*

1. That the petitioner was on January 21st, 1927, employed by the respondent in Division 324, at its factory, located at Bloomfield, New Jersey.

2. That the occupation of said petitioner in said employment was mounting radio tubes, which employment required the operation of two-foot treadles, one being operated by the left foot and the other by the right foot, the latter being operated on the average of about seven hundred times per hour; that the rear or heel end of the foot treadle operated by the right foot was disposed about one-fourth of an inch above the level of the floor and the front or toe end of said treadle was disposed about five inches above the level of the floor; that the petitioner operated said treadles while seated; that but a very slight pressure was required in the operation of the treadles.

3. That the petitioner's average weekly wages were $19.

4. Petitioner claims for compensation for personal injuries received by her during the course of her employment, as a result of her right foot slipping from the right-foot treadle and striking the floor, which injury according to the testimony of her family physician, Dr. Morris Farkas, was diag-

nosed as an acute traumatic sprain of the right ankle; that Dr. Farkas further testified that his examination of the injured foot showed a discoloration on the outer or right side of the foot slightly below the ankle; that when he examined the petitioner's foot on the evening of January 21st, 1927, the petitioner advised him that she had met with an accident and that the history of this case as related to him by the petitioner furnished a basis for his opinion; that the day following the accident, which day was a Saturday, upon which employes only worked until twelve o'clock noon, the petitioner worked the full period with her average hourly rate of production although the petitioner testified that her foot bothered her on that day; that the petitioner did not seek out the clinic or hospital provided by the Westinghouse Lamp Company at its factory at Bloomfield, New Jersey, either on the day when the accident is alleged to have occurred or on the day following or any other day, although she knew where the hospital was located and for what purpose it was there; that she testified to having reported the accident to Mr. J. K. Wheeler, her foreman, which was categorically denied by Mr. Wheeler; that she testified that Dr. Lucy Bannister, the physician in charge of the hospital, paid her a visit at her home the week following the week in which the accident was said to have occurred, and that Dr. Bannister was pointed out by the petitioner in the court room as the person who visited her, and that Dr. Bannister categorically denied having visited the petitioner in her home at that or any other time; that the petitioner alleged in her petition that the accident occurred about nine o'clock in the morning and testified that it occurred about three o'clock in the afternoon; that on the witness-stand the petitioner was extremely reluctant in answering questions on cross-examination; that there were no objects sufficiently near the right-foot treadle against which the petitioner could have struck her foot; that in view of the location of the injury and position of the discoloration on the outer aspect of the foot and the distance of the foot treadle from the floor as well as the fact that the petitioner's weight was not upon the foot at the time the accident was said to have occurred, that it seems to me to be beyond the realm of

probability that her right foot could have been injured in the manner claimed by the petitioner.

\* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*